**UNITED STATED DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

---------------------------------------------------------------x

BEVERLY A. GEORGE,

        Plaintiff,

v.                                              Civil Action No. 05-cv-11079 DPW

AT&T CORP.,

        Defendant.

---------------------------------------------------------------x

**ANSWER OF DEFENDANT AT&T CORP.
TO COMPLAINT WITH JURY CLAIM**

NOW COMES AT&T Corp. (the "defendant") and hereby answers the Complaint With Jury Claim (the "Complaint") as follows:

**Parties**

1.    Defendant admits the allegations in paragraph 1 of the Complaint.

2.    Defendant admits the allegations in paragraph 2 of the Complaint except that defendant denies that its principal place of business is 32 Avenue of Americas, New York, New York 10013.  Further answering, defendant states that its principal place of business is One AT&T Way, Bedminster, New Jersey..

**Factual Background**

3.    Defendant admits the allegations in paragraph 3 of the Complaint.

4.    Defendant admits the allegations in paragraph 4 of the Complaint.

5.    Defendant admits the allegations in paragraph 5 of the Complaint.

6.    Defendant admits the allegations in paragraph 6 of the Complaint.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant admits the allegations in paragraph 9 of the Complaint except defendant denies that the memorandum was distributed in response to rumors relative to the downsizing of the Fairhaven facility.

10. In response to paragraph 10 of the Complaint, defendant admits that in 2003 until September 2004, it was the record owner of the property housing the Fairhaven facility and was in negotiations to sell the facility to Mill Bridge Holdings, LLC. Further answering, defendant denies all remaining allegations of paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint except defendant admits that exit interviews are customarily conducted within a few days of the exit date.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, defendant admits that leadership team members from defendant's New Jersey offices, as well as Barbara Gillooley, the Fairhaven Facility's Sales Processing Manager, participated at Fairhaven in the rolling out of the "Strategic Selling" program. Further answering, defendant denies that the roll out commenced in June of 2004 and denies that John Polumbo, President of defendant's Consumer Division, arrived at Fairhaven in June of 2004 or at any other time to participate in the roll out of this program.

17.     Defendant is without sufficient information to either admit or deny the allegations in paragraph 17 of the Complaint.

18.     Defendant is without sufficient information to either admit or deny the concerns of plaintiff.  Defendant denies the remaining allegations in paragraph 18 of the Complaint.

19.     Defendant admits the allegations in paragraph 19 of the Complaint except defendant denies that the severance package was in any way tied into accepting early retirement.

20.     Defendant denies the allegations in paragraph 20 of the Complaint except defendant admits that Ms. Eustace knew plaintiff was contemplating retirement.

21.     Defendant denies the allegations in paragraph 21 of the Complaint.

22.     Defendant admits that plaintiff filled out her retirement package on or about July 10, 2004 and that at the time her weekly income totaled Eight Hundred and Thirty Seven Dollars ($837.00).  Defendant denies all remaining allegations in paragraph 22 of the Complaint.

23.     Defendant admits that plaintiff had her Thirtieth (30th) anniversary luncheon on or about July 16, 2004.  Defendant denies all remaining allegations in paragraph 23 of the Complaint.

24.     Defendant admits the allegations in paragraph 24 of the Complaint.

25.     Defendant admits the allegations in paragraph 25 of the Complaint.

26.     In response to paragraph 26 of the Complaint, defendant admits that it reduced its workforce at the Fairhaven facility by approximately 140 employees in or about late September of 2004 and that it provided a severance package to employees who voluntarily or involuntarily were affected by the reduction.  Further answering, defendant denies the remaining allegations of paragraph 26 of the Complaint.

## Count I – Intentional Misrepresentation

27. Defendant repeats and realleges its answers to paragraphs 1-26 of the Complaint as if fully set forth herein.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

## Count II – Negligent Misrepresentation

34. Defendant repeats and realleges its answers to paragraphs 1-33 of the Complaint as if more fully set forth herein.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

## FIRST AFFIRAMTIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's complaint and the claims set forth therein, if any, are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

Any harm which plaintiff may have suffered was caused in whole or in part by her own actions.

**FORUTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is preempted by Section 301 of the Labor Management Relations Act.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by her failure to exhaust the remedies set forth in the collective bargaining agreement.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

The conduct of AT&T and its supervisors was at all times in good faith and in conformity with all applicable laws and regulations.

**EIGHTH AFFIRMATIVE DEFENSE**

AT&T and its supervisors acted without malice or fault in all conduct related to this matter.

**NINTH AFFIRMATIVE DEFENSE**

AT&T reserves its right to assert such other affirmative defenses as may be revealed through the course of discovery.

WHEREFORE, defendant AT&T Corp. prays that (1) the Court enter judgment dismissing plaintiff's Complaint with prejudice; (2) the Court award costs and fees to defendant AT&T Corp.; and (3) for such further relief as this Court deems just and adequate.

Dated: May 31, 2005

AT&T Corp.,

By its Attorneys,

By: ___/s/ Nathan L. Kaitz_____
Nathan L. Kaitz (BBO# 256760)
Leah M. Moore (BBO# 658217)
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109
(617) 523-6666

### Certificate of Service

I hereby certify that I served the within pleading on this 31st day of May, 2005, by first class, postage prepaid upon counsel for plaintiff: David A. Conti, Esquire, Blake J. Godbout & Associates, 33 Broad Street, 11th Floor, Boston, MA 02109.

_____/s/ Nathan L. Kaitz_____
Nathan L. Kaitz