**Commonwealth of Massachusetts**
**NORFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

**NOCV2005-00715**
**George v AT&T Corp**

| **File Date** | 04/22/2005 | **Status** | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| **Status Date** | 05/27/2005 | **Session** | A - Civil A-CtRm 10 |
| **Origin** | 1 | **Case Type** | B99 - Misc tort |
| **Lead Case** | | **Track** | F |

| **Service** | 07/21/2005 | **Answer** | 09/19/2005 | **Rule12/19/20** | 09/19/2005 |
|---|---|---|---|---|---|
| **Rule 15** | 09/19/2005 | **Discovery** | 02/16/2006 | **Rule 56** | 03/18/2006 |
| **Final PTC** | 04/17/2006 | **Disposition** | 06/16/2006 | **Jury Trial** | Yes |

**Plaintiff**
Beverly A George
Active 04/22/2005

**Private Counsel 196380**
Blake J Godbout
Blake J. Godbout & Associates
33 Broad Street, 11th floor
Boston, MA 02109
Phone: 617-523-6677
Fax: 518-465-5112
Active 04/22/2005 Notify

**Defendant**
AT&T Corp
Served: 04/29/2005
Served (answr pending) 05/10/2005

**Private Counsel 256760**
Nathan L Kaitz
Morgan Brown & Joy LLP
1 Boston Place
Boston, MA 02108-4472
Phone: 617-523-6666
Fax: 617-367-3125
Active 05/27/2005 Notify

**Private Counsel 658217**
Leah M. Moore
Morgan Brown & Joy LLP
200 State Street
11th Floor
Boston, MA 02109-2605
Phone: 617-523-6666
Fax: 617-367-3125
Active 05/27/2005 Notify

| Date | Paper | Text |
|---|---|---|
| 04/22/2005 | 1.0 | Complaint & jury claim filed $280.00 entry fee paid |
| 04/22/2005 | | Origin 1, Type B99, Track F. |
| 04/22/2005 | 2.0 | Civil action cover sheet filed |
| 04/22/2005 | | fast track notice sent to plffs attorney |
| 04/22/2005 | 3.0 | plffs motion for special process server-motion allowed (Borenstein,J.)cs |
| 04/28/2005 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 05/10/2005 | 4.0 | SERVICE RETURNED: in hand to Allison Liberto, agent in charge at the time of service for AT&T Corp(Defendant) 4/29/04 |

**Commonwealth of Massachusetts**
**NORFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## NOCV2005-00715
## George v AT&T Corp

| Date | Paper | Text |
| --- | --- | --- |
| 05/27/2005 | 5.0 | Notice of Removal by Deft Case REMOVED this date to US District Court of Massachusetts(rec'd5/26/05) |





hereby certify on
oregoing d...
] electronic docke...se
] electronically file...d o...
... origi...d ...y office a...
...on A. ...nton
...n ...
...U.S. District Court
District...Massachusetts
3y:_____
Deputy Cl...
...OF MASS...

S-/2c/0r
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
5/2/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

...23

...MASS.

BEVERLY A. GEORGE,
　　　　Plaintiff,

v.

AT&T CORPORATION,
　　　　Defendant.

Civil Action No. _____

**NOTICE OF REMOVAL**

TO:　The Honorable Judges of the
　　　United States District Court
　　　District of Massachusetts

05cv11079 DPW

Petitioner, AT&T Corporation (hereinafter "Defendant" or "AT&T"), Defendant in the
above entitled action, states:

1.　Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1441,
*et seq.*, to remove this action from the Superior Court for Norfolk County, Dedham,
Massachusetts, in which said cause is now pending under the name and style, *Beverly A. George,
Plaintiff v. AT&T Corporation, Defendant*, Civil Action No. 05-00715. Defendant AT&T was
served a Summons and a copy of a Complaint in this action on or about April 29, 2005. A copy
of the Summons, Complaint, and Cover Sheet are attached hereto as Exhibit A. No other papers
were served in this matter.

1

2.      The above described action is one of which this court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this court by Defendants pursuant to the provisions of 28 U.S.C. § 1441.

   a.  Diversity of Citizenship:  The parties to this action are citizens of different states, and accordingly, there is diversity of citizenship.

      i.  Plaintiff Beverly A. George is an individual resident of the State of Massachusetts. *See* Complaint at ¶ 1.

      ii.  Defendant AT&T Corporation is a New York corporation with its principal place of business in New York.

   b.  Amount in Controversy:  The amount in controversy in this action is $83,700.00 exclusive of interest, fees, and costs which exceeds the monetary threshold of $75,000 as set forth under 42 U.S.C. § 1332(a). *See* Complaint at cover sheet.

3.      Defendant is filing this notice within thirty (30) days of service of the Summons and Complaint, as required by 28 U.S.C. § 1446.

4.      Defendant will file a Notice of Filing of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Superior Court for Norfolk County, 650 High Street, Dedham, Massachusetts 02026, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

5.      Defendant will serve written Notice to Opposing Counsel of Removal of Action to Federal Court, and copies of this Notice of Removal on opposing counsel pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit C.

2

WHEREFORE, Defendant AT&T Corporation prays that the above action now pending against it in the Superior Court for Norfolk County, Dedham, Massachusetts be removed therefrom to this Court.

Respectfully submitted,

AT&T CORPORATION,

By its attorneys

Nathan L. Kaitz (BBO No. 252760)
Leah M. Moore (BBO No. 658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts  02109
(617) 523-6666

Date: May 24, 2005

A TRUE COPY
Attest: _____
Deputy/Assistant Clerk
5/27/05

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, Blake J. Godbout, Esq., Blake J. Godbout & Associates, 33 Broad Street, 11th Floor, Boston, MA 02109, by first-class mail this 24th day of May 2005.

Nathan L. Kaitz

3

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

BEVERLY A. GEORGE,
      Plaintiff,

v.

AT&T CORPORATION,
      Defendant.

Civil Action No. _____

**NOTICE OF REMOVAL**

TO:   The Honorable Judges of the
      United States District Court
      District of Massachusetts

Petitioner, AT&T Corporation (hereinafter "Defendant" or "AT&T"), Defendant in the above entitled action, states:

1.     Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court for Norfolk County, Dedham, Massachusetts, in which said cause is now pending under the name and style, *Beverly A. George, Plaintiff v. AT&T Corporation, Defendant*, Civil Action No. 05-00715. Defendant AT&T was served a Summons and a copy of a Complaint in this action on or about April 29, 2005. A copy of the Summons, Complaint, and Cover Sheet are attached hereto as Exhibit A. No other papers were served in this matter.

1

2.     The above described action is one of which this court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this court by Defendants pursuant to the provisions of 28 U.S.C. § 1441.

   a.  Diversity of Citizenship: The parties to this action are citizens of different states, and accordingly, there is diversity of citizenship.

      i.  Plaintiff Beverly A. George is an individual resident of the State of Massachusetts. *See* Complaint at ¶ 1.

      ii. Defendant AT&T Corporation is a New York corporation with its principal place of business in New York.

   b. Amount in Controversy: The amount in controversy in this action is $83,700.00 exclusive of interest, fees, and costs which exceeds the monetary threshold of $75,000 as set forth under 42 U.S.C. § 1332(a). *See* Complaint at cover sheet.

3.     Defendant is filing this notice within thirty (30) days of service of the Summons and Complaint, as required by 28 U.S.C. § 1446.

4.     Defendant will file a Notice of Filing of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Superior Court for Norfolk County, 650 High Street, Dedham, Massachusetts 02026, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

5.     Defendant will serve written Notice to Opposing Counsel of Removal of Action to Federal Court, and copies of this Notice of Removal on opposing counsel pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit C.

2

WHEREFORE, Defendant AT&T Corporation prays that the above action now pending

against it in the Superior Court for Norfolk County, Dedham, Massachusetts be removed

therefrom to this Court.

Respectfully submitted,

AT&T CORPORATION,

By its attorneys

Nathan L. Kaitz (BBO No. 252760)
Leah M. Moore (BBO No. 658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

Date: May 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for
Plaintiff, Blake J. Godbout, Esq., Blake J. Godbout & Associates, 33 Broad Street, 11th Floor,
Boston, MA 02109, by first-class mail this 24th day of May 2005.

Nathan L. Kaitz

3

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.    05  00715

BEVERLY A. GEORGE

......................................................., *Plaintiff(s)*

**v.**

...................... AT & T CORP. ........................, *Defendant(s)*

AT&T

MAY 0 2 2005

LAW DEPT.

## SUMMONS

To the above-named Defendant:    AT & T CORP.

You are hereby summoned and required to serve upon ...... David A. Conti, Esq. ......,
02109
plaintiff's attorney, whose address is ... 33 Broad Street, Boston, MA., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action. BARBARA J. ROUSE, Esquire

WITNESS, SUZANNE V. DELVECCHIO, *Esquire,* at ........................the ..27th...............

day of ............ April ............, in the year of our Lord two thousand and ...... and 5 ............

DATE OF SERVICE

4 - 29    20 05

TRUE COPY ATTEST

*D. H. Sullivan*
CONSTABLE

*Walter L. Timilty* , Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

| **CIVIL ACTION COVER SHEET** | DOCKET NO.(S) | **Trial Court of Massachusetts Superior Court Department** County: NORFOLK |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| BEVERLY A. GEORGE | AT&T CORP. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| David A. Conti - Blake J. Godbout & Associates 33 Broad Street, Boston, MA 02109 Board of Bar Overseers number: | unknown |

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (Afte trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Misrepresentation | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determin money damages. For this form, disregard double or treble damage claims; indicate single damages on

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
2.  Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
3.  Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
4.  Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
5.  Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .

Subtotal $. . . . . . . . . .

B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 83,700.00
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
F.  Other documented items of damages (describe)

$. . . . . . . . . .

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

Defendant, through its agents, did intentionally and negligently misrepresent material facts to Plaintiff which induced her to accept early retirement after thirty years of employment. Defendant subsequently closed the Call Center where Plaintiff worked, granting employees severanc

$. . . . . . . . . .
TOTAL $83,700.00.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected disp resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 4-21-c

COMMONWEALTH OF MASSACHUSETTS



NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO:

```
                                    )
BEVERLY A. GEORGE                   )
                                    )
        Plaintiff,                  )
                                    )        COMPLAINT WITH
v.                                  )        JURY CLAIM
                                    )
AT&T CORP.                          )
                                    )
        Defendant.                  )
                                    )
```

### PARTIES

1. The Plaintiff, Beverly A. George (hereinafter referred
to as "Plaintiff") is an individual who resides at 7 Willow
Street, Foxborough, Norfolk County, Massachusetts 02035.

2. The Defendant, AT&T Corp. (hereinafter referred to as
"Defendant"), is a for profit corporation organized under the
laws of the state of New York with a principal place of business
at 32 Avenue of the Americas, New York, New York 10013.

### FACTUAL BACKGROUND

3. In 1970, Defendant hired Plaintiff as a part-time/full-
time employee in Defendant's Operator Services Department at
their Walpole, Massachusetts, facility.

4. In or about 1977, Plaintiff returned to her employment
with Defendant following a two (2) year maternity leave, resuming
her duties in Defendant's Operator Services Department at

Defendant's Brockton, Massachusetts, facility.

5.    In or about 1990, Defendant transferred Plaintiff to the Operator Services Department at Defendant's Worcester, Massachusetts, facility.  In 1993, Defendant closed the Worcester facility and transferred Plaintiff to a facility in Peabody, Massachusetts.

6.    In or about 1996, after closing the Peabody facility Defendant transferred Plaintiff to the Relay Center at Defendant's Providence, Rhode Island, facility.

7.    Later in 1996, approximately three (3) months after transferring Plaintiff to the Providence facility, Defendant transferred Plaintiff to Fairhaven, Massachusetts, as a Customer Sales and Service Representative (hereinafter "CCA").

8.    From 1996 until 2004, Plaintiff worked as a CCA at the Fairhaven Call Center, located at 200 Mill Road, Fairhaven, Bristol County, Massachusetts (hereinafter referred to as the "Fairhaven Facility").

9.    On or about April 24, 2003, in response to rumors relative to the closing or downsizing of the Fairhaven Facility, Mrs. Joan Capuccio, Region Director for the Fairhaven Facility (hereinafter referred to as "Mrs. Capuccio"), distributed a memorandum denying the rumor and asking for information on those persons responsible for originating it.  See Exhibit A attached hereto.

10.    Between April, 2003, and September, 2004, Defendant, the record owner of the property housing the Fairhaven facility, began negotiations to sell the Fairhaven Facility and property for Three Million One Hundred Thousand Dollars ($3,100,000.00) to Mill Bridge Holdings, LLC.

11.    Upon information and belief, the proposed sale contemplated and was contingent upon Defendant signing a five (5) year lease to continue operations at the Fairhaven Facility.

12.    In March, 2004, the United States Court of Appeals for the District of Columbia, issued a ruling allowing the Federal Communications Commission ("FCC") Rules governing competition in the phone industry to expire.

13.    Defendant, through spokeswoman Claudia Jones and others, announced prior to the March, 2004, ruling that it would stop offering local service in some regions if the regulations lapsed in June, 2004.  See Exhibit B, page 2.

14.    Plaintiff, who had yet to fully commit to retiring from her position with Defendant, was approached in late May, 2004, to conduct her exit interview, which is customarily done within a few days of the exit date or the day of the exit date.

15.    On or about June 15, 2004, Defendant issued a press release concerning the FCC Regulations and announcing the United State Supreme Court decision allowing the FCC Regulations to lapse.  See Exhibit B.

16.   In June, 2004, Barbara Gillooley, Fairhaven Facility's Sales Processing Manager; John Polumbo, president of Defendant's Consumer Division; and other leadership teams from Defendant's NJ offices (hereinafter referred to as "HQ Managers") arrived at the Fairhaven Facility under the auspices of rolling out a "Strategic Selling" program.

17.   Plaintiff inquired of an HQ Manager whether the "Strategic Selling" program was really a disguise to assess which offices to close or downsize.  The HQ Manager replied "No."

18.   Plaintiff, concerned that the Fairhaven Facility would downsize or close as a result of the federal court rulings discussed in Defendant's June 15, 2004, newsletter, repeatedly inquired of her manger, Mary C. Eustace (hereinafter "Ms. Eustace"), if the Fairhaven facility was downsizing or closing. Ms. Eustace consistently replied "No".

19.   Under the Collective Bargaining Agreement ("CBA") between Defendant and Plaintiff's union, Communication Workers of America Local 1051 (hereinafter referred to as "CWA"), such a closing or downsizing of the Fairhaven Facility would entitle employees to a severance package for accepting early retirement.

20.   Ms. Eustace, knowing Plaintiff to be contemplating retirement, repeatedly inquired whether Plaintiff had requested her retirement package throughout June, 2004.

21.   In July, 2004, prior to filling out her retirement package, Plaintiff went to Mrs. Cappuccio and relayed her

concerns relative to Fairhaven's downsizing or closing as a result of the June, 2004, Supreme Court Decision. Mrs. Cappuccio replied "No, AT&T Fairhaven has sold the office and the new owner has signed a five (5) year lease with AT&T and we will still provide customer service for our present customers."

22.   In reliance upon the assurances from the HQ managers, her immediate manager Mrs. Eustace, and Regional Director Mrs. Cappuccio, Plaintiff filled out her retirement package on July 10, 2004. At the time of her retirement, Plaintiff's weekly income totaled Eight Hundred Thirty Seven Dollars ($837.00).

23.   On July 16, 2004, Plaintiff had her Thirtieth (30th) Anniversary Luncheon. During the luncheon Plaintiff, still concerned that she would be precluded from the severance package in the event the Fairhaven Facility downsized or closed, inquired of Chris Giblin, PDL Manager, and Sharon Pereira, her former manager, as to the status or fate of the Fairhaven Facility. Chris Giblin responded, "I want to congratulate you on your thirty years of service, I know I'll never see mine."

24.   On or about September 2, 2004, Defendant completed the sale of the Fairhaven Facility to Mill Bridge Holdings, LLC.

25.   On or about September 14, 2004, Defendant announced that as a result of the March, 2004, U.S. Appeals Court decision, they would stop pursuing new residential customers.

26.   As a direct result of the Court rulings, and in accordance with Defendant's earlier representations in the media

and elsewhere, Defendant laid off approximately one-half (1/2) of the CWA employees at the Fairhaven Facility, providing all such employees with an early retirement severance package of approximately One Hundred (100) weeks of pay. See Exhibit C.

### COUNT I - INTENTIONAL MISREPRESENTATION

27. The Plaintiff, Beverly A. George, repeats and realleges Paragraphs One (1) through Twenty-Six (26) of this Complaint as if fully set forth herein.

28. The Defendant did, through its agents and employees, make false statements of material fact, as described hereinabove, to Plaintiff relative to the fate of the Fairhaven Facility.

29. Defendants false statements of material fact were an important factor in Plaintiff's decision to accept early retirement after her thirty (30) years of service in Defendant's employ.

30. Defendant, through its agents, made false statements of fact with knowledge of the statements' falsity or recklessly made the statements by willfully disregarding the statements' truth or falsity.

31. Defendant, through its agents, made the false statements with the intention that Plaintiff would rely on them in making her decision whether to accept early retirement or remain in Defendant's employ.

32. In making her decision to accept early retirement, Plaintiff relied on the Defendant's statements as true and her

reliance was reasonable under the circumstances.

33. As a result of Plaintiff's reliance on Defendant's statements, she has suffered financial harm, including but not limited to, loss of the severance package and lower pension benefit payments.

WHEREFORE, Plaintiff Beverly A. George demands judgment against Defendant AT&T Corp. together with interest and costs of this action.

## COUNT II - NEGLIGENT MISREPRESENTATION

34. The Plaintiff, Beverly A. George, repeats and realleges the allegations contained in Paragraphs One (1) through Thirty-Three (33) as is fully set forth herein.

35. As discussed hereinabove, the Defendant, through its agents and employees, did make false statements of material fact to Plaintiff relative to the fate of the Fairhaven Facility.

36. Defendant's false statements of fact were of such a nature that Plaintiff would reasonably consider them important in making her decision whether to accept early retirement from Defendant's employ.

37. Defendant, through its agents, negligently failed to determine whether the material statements of fact were true or false.

38. Defendant, through its agents, failed to use the amount of care that a reasonable person would use under the circumstances to determine the truth or falsity of the

statements.

39. Defendant and its agents made the false statements of material fact with the intention that Plaintiff would rely on the statements in making her decision.

40. In making her decision to accept early retirement, Plaintiff did in fact rely on the Defendant and its agents statements as true, such reliance being reasonable under the circumstances.

41. As a result of Plaintiff's reasonable reliance on Defendant's false statements of material fact, Plaintiff has suffered financial loss, including but not limited to, loss of the severance package and lower pension benefit payments.

WHEREFORE, the Plaintiff Beverly A. George demands judgment against the Defendant AT&T Corp. together with interest and costs of this action.

**THE PLAINTIFF BEVERLY A. GEORGE DEMANDS A TRIAL BY JURY ON ALL COUNTS OF THIS ACTION.**

Respectfully submitted,

**BEVERLY A. GEORGE,**
By her attorneys,

Blake J. Godbout (BBO#196380)
David A. Conti (BBO#661419
**BLAKE J. GODBOUT & ASSOCIATES**
33 Broad Street, 11th Floor
Boston, MA 02109
(617) 523-6677

Dated: April 21, 2005

# Exhibit A

```
Requested by: bgeorge                              AT&T
Date        : 04/24/03
Time        : 09:08:11                         Mail Inbox

From        Subject              Sent Date/Time            Type
ekramer     Message from Joan    04/24/03 08:18am EDT      mail
```

To All Employees,

The rumors in regards to Fairhaven closing are NOT TRUE!
We are having visitors to the site tomorrow to celebrate our
Winning Spirit event. There will be NO closing announcements.
If you have any information concerning the origin of this
rumor please share with your managers so we can put a
stop to this falsehood.

Joan Cappuccio
Region Director

AT&T Proprietary
Use pursuant to company instructio

Exhibit B

 **AT&T**    The world's networking company -

att.com    At Home & On the Go    Small & Medium Business    Enterprise Business

**SEARCH**

Home | Suggestions | Help/FAQ | Sitemap

- 🗷 **BENEFITS**
- 🗷 **COMMUNITY INVOLVEMENT**
- 🗷 **GOVERNMENT ORGANIZATIONS**
- 🗷 **NEWS & INFORMATION**
- 🗷 **FINANCIAL & INVESTMENT**

Back to News & Information

# AT&T TODAY

### TUESDAY, JUNE 15, 2004 2 p.m. EDT

**AT&T STOCK WATCH (Mondays close) \*\*\* T 15.95; -.40**

**AT&T ANNOUNCES \*\*\* AT&T WINS TELECOM ASIA "BEST MANAGED SERVICES CARRIER" 2004 AWARD** AT&T received the Telecom Asia Award of "Best Managed Services Carrier" in the Asia-Pacific region. A distinguished panel of 10 judges, including telecom analysts, telecom user groups, industry experts and Telecom Asia's editorial team, voted for the award winners. The judging criteria for the Telecom Asia Award -- one of the industry's most prestigious regional awards -- were based on three elements: financial performance; innovation and leadership; and corporate governance. The selection of award winners was based in part on an analysis by one of the world's premier telecom research houses, the Yankee Group.

For the complete news release, go to the AT&T Newsroom at http://www.att.com/news/.

[AT&T TODAY publishes excerpts from selected news items to inform employees and retirees about AT&T in the news worldwide. Publication of a news clip is not an endorsement of its viewpoint or accuracy. All news sources are today's date unless otherwise noted.]

**AT&T AND INDUSTRY NEWS \*\*\* AT&T CALLVANTAGE SERVICE ROLLS OUT IN FLORIDA** [Southwest Florida Herald-Tribune, online, 6/14.] AT&T is launching voice over Internet protocol [VoIP] phone service for 10 Florida markets. The service allows users to make and receive phone calls over a high-speed Internet connection. It is AT&Ts first overture to the Sarasota area, which has lost out to more populated areas such as Tampa and Miami when alternative carriers decide where to compete for local customers. In light of recent regulatory decisions, VoIP may turn out to be a more cost-effective way for carriers such as AT&T to enter new markets. [Tampa Bay Business Journal, online, 6/14.] AT&T announced [yesterday] the expansion of its [AT&T] CallVantage Service to 10 major Florida markets including Lakeland-Winter Haven, Sarasota-Bradenton and Tampa-St. Petersburg. [AT&T] CallVantage [Service] is a residential voice over Internet protocol [service] that requires a customer to have a high-speed Internet connection to the home.

**SUPREME COURT ALLOWS PHONE RULES TO EXPIRE** [Washington



Post, E5.] The U.S. Supreme Court declined yesterday to stop the government from discarding a set of rules that forced regional phone companies to lease their networks to rivals at deep discounts. [AT&T] was one of more than two dozen phone companies that had asked Supreme Court Justice William H. Rehnquist on Thursday to keep the rules on the books while they appeal a lower court's finding that the regulations were improper. AT&T and the other phone companies say they depend on the rules to offer local phone service in regions where they must compete with giants such as Verizon and BellSouth. The Supreme Court's decision is not surprising given the Bush Administration decision to abandon the litigation, said AT&T spokeswoman Claudia Jones in a statement e-mailed to reporters. This confirms that the Administration has set the industry on a path to higher prices, less competition, fewer jobs and depressed investment. AT&T and other competitors say the prospect of rate increases will hinder their ability to market the service to new customers and they hinted they may highlight the issue in states key to deciding the presidential election. Once the current rules expire, the major phone companies still must seek the approval of state regulators before they raise rates. There is no deadline on the states to complete their review of the rate hikes, an FCC [Federal Communications Commission] official said yesterday. In the meantime, AT&T and the other competitors say they will continue to seek a Supreme Court review of the appeals courts ruling. [Print and wire coverage elsewhere.]

**SPECULATION: RULING MAY FORCE AT&T TO STOP OFFERING LOCAL SERVICE IN SOME MARKETS** [The Wall Street Journal, B6.] AT&T [reportedly may] announce soon it will stop offering local service in some states in the wake of a court decision that becomes effective today. The ruling strikes down government competition rules that control wholesale rates charged to AT&T by the regional Bell companies. AT&T [may] stop offering service in these states, a person familiar with the matter said, even though the Bells have sent the FCC letters promising they won't raise wholesale rates until the end of the year. The company has warned in the past that it would stop offering local service in some regions if price increases make its margins too slim. AT&T is also reluctant to rely on promises from the Bells rather than actual government policy.

**RULING LEAVES RATE UNCERTAINTY FOR CONSUMERS AND COMPANIES** [The New York Times, C4.] The decision by the Bush administration last week to side with the regional Bell companies in their legal fight over the access fees they charge others to lease their phone lines has set off alarm bells among consumer groups, long-distance providers and state utility commissions. The groups say that an appeals court decision to remove the cap on these access fees, which goes into effect today, will give the Bells a free hand to raise the prices they charge AT&T, MCI and hundreds of other companies trying to get into the local phone market. It will also push many smaller phone companies out of business, they say, and ultimately lead to higher phone rates for consumers. But most analysts say that if and when they start charging higher fees, the Bells are unlikely to raise rates by more than 30 percent. Anything higher would be viewed as politically unpalatable and probably push long-distance companies to move even faster to use new phone technology, like Internet calling services, that bypass the Bells networks altogether. Long-distance providers contend that total customers aside, their mere presence in the local phone market keeps pressure on the Bells



to maintain service at reasonable prices.

### FCC CANNOT PRE-EMPT STATE EFFORTS IN BROADBAND REGULATION, AT&T SAYS

[TR Daily, online, 6/14.] The Telecommunications Act of 1996 bars the FCC from pre-empting state efforts to stop incumbent telcos from cutting off broadband service to end-users who switch service providers, AT&T has told the Commission. In a letter opposing a BellSouth petition for a declaratory ruling pre-empting state commissions in this area, AT&T said the FCC must meet traditional pre-emption standards, which allow pre-emption only where, and to the extent that, state regulation so conflicts with federal requirements that it negates the exercise of federal powers. BellSouth had asked for a declaratory ruling that state commissions may not regulate broadband Internet access service by requiring the incumbent telco to provide wholesale or retail broadband service. AT&T also reiterated its argument in previous filings that the state broadband requirements at question do not establish unbundling obligations or implicate the Commission's unbundling regulations or determinations.

### SENATE TO TAKE UP VOIP LEGISLATION

[CNET News.com, online, 6/14.] The U.S. Senate [tomorrow] is scheduled to begin hearings on Internet telephone services, in what could be the first step toward banning state governments from regulating the fast-growing technology. Under discussion during the hearing will be a proposal introduced in April that would flatly ban state regulators from monkeying around with voice over Internet protocol services. The bill, called the VoIP Regulatory Freedom Act, says regulatory authority is reserved solely to the federal government. The proposal is aimed at heading off state officials, who are eyeing VoIP companies as potentially lucrative taxing opportunities. The bill protects consumers by ensuring that this new service won't be taxed at the state level, Sen. John Sununu said on the Senate floor when introducing the federal bill in April. Everyone knows the more you tax something, the less you get. If you want to discourage investment, innovation and capital from moving into important new services like this, then raise the taxes and discourage that investment. The Justice Department and FBI are keenly interested in wiretapping VoIP calls. The Sununu bill says that VoIP companies that provide links to the existing telephone network must provide some access to necessary information to law enforcement agencies.

### OTHER STOCKS TO WATCH (Mondays close) *** AWE

14.30, -.03; **BellSouth** 25.70, -.31; **Comcast** 28.82, -.79; **IBM** 90.07, -.39; **Qwest** 3.60, -.06; **SBC** 24.55, -.26; **Sprint** 17.60, -.20; **Verizon** 36.01, -.25; **Vodafone** 23.21, -.54; **Dow Jones** 10,334.73, -75.37; **NASDAQ** 1,969.99, -29.88; **S&P 500** 1,125.29, -11.18 *Prices quoted are American Depository Receipts

### QUOTE OF THE DAY

To accomplish great things, we must not only act, but also dream; not only plan, but also believe. Anatole France, author

# Exhibit C

SPORTS
A NEW
RACE

# The Standard-Times

TUESDAY, September 14, 2004 · New Bedford · SOUTHCOAST COMMUNITY · SouthCoastToday.com · City Final / 50 cents

NEWS
Ivan's fury

## 140 Fairhaven AT&T workers axed

### Call center employees to lose jobs by Nov. 19

By DAVID J. ORTIZ

# FROM PAGE ONE

## Powell, Ridge endorse new spy chief post

By JESSE J. HOLLAND
Associated Press Writer

WASHINGTON — Homeland Security Secretary Tom Ridge and Secretary of State Colin Powell endorsed the idea yesterday...

## AT&T: 140 Fairhaven workers axed

CONTINUED FROM A1

## Fonseca: City man killed in boat explosion

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO:    05  66715

```
                                    )
BEVERLY A. GEORGE                   )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )
AT&T CORP.                          )
                                    )
        Defendant.                  )
                                    )
```

## PLAINTIFF'S MOTION FOR SPECIAL PROCESS SERVER
### Pursuant to Mass.R.Civ.P. Rule 4(c)

Now comes the plaintiff in the above-entitled matter and

respectfully requests this Court to appoint Butler & Witten,

Constables, 1895 Centre Street, Suite 202, Boston, MA 02132, as

special process server in this matter.  The plaintiff states that

the Constables of Butler & Witten are disinterested parties and

are over 18 years of age.

*April 22, 2005*
*Motion allowed.*
*(Borenstein, J.)*
*AH heney & De Long*
*Asst Clerk*

BEVERLY A. GEORGE
By her attorney,

David A. Conti, BBO# 661419
**BLAKE J. GODBOUT & ASSOCIATES**
33 Broad Street, 11th Floor
Boston, MA 02109
(617) 523-6677

Dated:    April 21, 2005

A TRUE COPY
Assistant Clerk

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**

**SUPERIOR COURT DEPT. OF THE TRIAL COURT**
**CIVIL ACTION NO. 05-00715**

---

BEVERLY A. GEORGE,
        Plaintiff,

v.

AT&T CORPORATION,
        Defendant.

**NOTICE OF REMOVAL OF**
**ACTION TO FEDERAL COURT**

---

TO:    Clerk
        Superior Court for Norfolk County
        650 High Street
        Dedham, Massachusetts  02026

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of Removal (with attachments thereto) and a Notice to Opposing Counsel of Notice of Removal are being filed this day with the Clerk of the United States District Court for the District of Massachusetts.  Copies of said Notice of Removal and a Notice to Opposing Counsel of Notice of Removal are attached hereto.

Respectfully submitted,

AT&T CORPORATION,

By its attorneys

Nathan L. Kaitz (BBO No. 252760)
Leah M. Moore (BBO No. 658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

Date: May 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, Blake J. Godbout, Esq., Blake J. Godbout & Associates, 33 Broad Street, 11th Floor, Boston, MA 02109, by first-class mail this 24th day of May 2005.

Nathan L. Kaitz

2

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT DEPT. OF THE
TRIAL COURT
CIVIL ACTION NO. 05-00715

---

BEVERLY A. GEORGE
    Plaintiff,

v.

AT&T CORPORATION,
    Defendant.

NOTICE TO COUNSEL OF
REMOVAL OF ACTION
TO FEDERAL COURT

---

TO:    Blake J. Godbout, Esquire
       Blake J. Godbout & Associates
       33 Broad Street, 11th Floor
       Boston, Massachusetts  02109

PLEASE TAKE NOTICE that Defendant AT&T Corporation in the above-captioned matter, has on the 24th day of May 2005 filed in the United States District Court of the District of Massachusetts, its Notice of Removal of the above-styled action from the Superior Court, Norfolk County, Dedham, Massachusetts, (a copy of said Notice is attached hereto) to the United States District Court for the District of Massachusetts, at Boston, Massachusetts, together with copies of the Complaint filed by the Plaintiff in the Superior Court, Norfolk County, Dedham, Massachusetts.

You are also advised that said Defendant, upon filing said Notice, filed a Notice of Removal to Federal Court with the Clerk, Superior Court, Norfolk County, Dedham, Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits

attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for

the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446

and no further proceedings may be had in this state court action.

Respectfully submitted,

AT&T CORPORATION,

By its attorneys

Nathan L. Kaitz (BBO No. 252760)
Leah M. Moore (BBO No. 658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

Date: May 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for
Plaintiff, Blake J. Godbout, Esq., Blake J. Godbout & Associates, 33 Broad Street, 11th Floor,
Boston, MA 02109, by first-class mail this 24th day of May 2005.

Nathan L. Kaitz

2

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

**SUPERIOR COURT DEPT. OF THE TRIAL COURT**
**CIVIL ACTION NO. 05-00715**

---

BEVERLY A. GEORGE
        Plaintiff,

v.

AT&T CORPORATION,
        Defendant.

**NOTICE TO COUNSEL OF**
**REMOVAL OF ACTION**
**TO FEDERAL COURT**

---

TO:    Blake J. Godbout, Esquire
        Blake J. Godbout & Associates
        33 Broad Street, 11th Floor
        Boston, Massachusetts 02109

PLEASE TAKE NOTICE that Defendant AT&T Corporation in the above-captioned

matter, has on the 24th day of May 2005 filed in the United States District Court of the District of

Massachusetts, its Notice of Removal of the above-styled action from the Superior Court,

Norfolk County, Dedham, Massachusetts, (a copy of said Notice is attached hereto) to the United

States District Court for the District of Massachusetts, at Boston, Massachusetts, together with

copies of the Complaint filed by the Plaintiff in the Superior Court, Norfolk County, Dedham,

Massachusetts.

You are also advised that said Defendant, upon filing said Notice, filed a Notice of

Removal to Federal Court with the Clerk, Superior Court, Norfolk County, Dedham,

Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits

attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446 and no further proceedings may be had in this state court action.

Respectfully submitted,

AT&T CORPORATION,

By its attorneys

Nathan L. Kaitz (BBO No. 252760)
Leah M. Moore (BBO No. 658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

Date: May 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, Blake J. Godbout, Esq., Blake J. Godbout & Associates, 33 Broad Street, 11th Floor, Boston, MA 02109, by first-class mail this 24th day of May 2005.

Nathan L. Kaitz

2

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO:    05  66715

```
                                )
BEVERLY A. GEORGE               )
                                )
        Plaintiff,              )
                                )        COMPLAINT WITH
v.                              )        JURY CLAIM
                                )
AT&T CORP.                      )
                                )
        Defendant.              )
                                )
```

## **PARTIES**

1.   The Plaintiff, Beverly A. George (hereinafter referred to as "Plaintiff") is an individual who resides at 7 Willow Street, Foxborough, Norfolk County, Massachusetts 02035.

2.   The Defendant, AT&T Corp. (hereinafter referred to as "Defendant"), is a for profit corporation organized under the laws of the state of New York with a principal place of business at 32 Avenue of the Americas, New York, New York 10013.

## **FACTUAL BACKGROUND**

3.   In 1970, Defendant hired Plaintiff as a part-time/full-time employee in Defendant's Operator Services Department at their Walpole, Massachusetts, facility.

4.   In or about 1977, Plaintiff returned to her employment with Defendant following a two (2) year maternity leave, resuming her duties in Defendant's Operator Services Department at

Defendant's Brockton, Massachusetts, facility.

5. In or about 1990, Defendant transferred Plaintiff to the Operator Services Department at Defendant's Worcester, Massachusetts, facility. In 1993, Defendant closed the Worcester facility and transferred Plaintiff to a facility in Peabody, Massachusetts.

6. In or about 1996, after closing the Peabody facility Defendant transferred Plaintiff to the Relay Center at Defendant's Providence, Rhode Island, facility.

7. Later in 1996, approximately three (3) months after transferring Plaintiff to the Providence facility, Defendant transferred Plaintiff to Fairhaven, Massachusetts, as a Customer Sales and Service Representative (hereinafter "CCA").

8. From 1996 until 2004, Plaintiff worked as a CCA at the Fairhaven Call Center, located at 200 Mill Road, Fairhaven, Bristol County, Massachusetts (hereinafter referred to as the "Fairhaven Facility").

9. On or about April 24, 2003, in response to rumors relative to the closing or downsizing of the Fairhaven Facility, Mrs. Joan Capuccio, Region Director for the Fairhaven Facility (hereinafter referred to as "Mrs. Capuccio"), distributed a memorandum denying the rumor and asking for information on those persons responsible for originating it. See Exhibit A attached hereto.

10. Between April, 2003, and September, 2004, Defendant, the record owner of the property housing the Fairhaven facility, began negotiations to sell the Fairhaven Facility and property for Three Million One Hundred Thousand Dollars ($3,100,000.00) to Mill Bridge Holdings, LLC.

11. Upon information and belief, the proposed sale contemplated and was contingent upon Defendant signing a five (5) year lease to continue operations at the Fairhaven Facility.

12. In March, 2004, the United States Court of Appeals for the District of Columbia, issued a ruling allowing the Federal Communications Commission ("FCC") Rules governing competition in the phone industry to expire.

13. Defendant, through spokeswoman Claudia Jones and others, announced prior to the March, 2004, ruling that it would stop offering local service in some regions if the regulations lapsed in June, 2004. See Exhibit B, page 2.

14. Plaintiff, who had yet to fully commit to retiring from her position with Defendant, was approached in late May, 2004, to conduct her exit interview, which is customarily done within a few days of the exit date or the day of the exit date.

15. On or about June 15, 2004, Defendant issued a press release concerning the FCC Regulations and announcing the United State Supreme Court decision allowing the FCC Regulations to lapse. See Exhibit B.

16.  In June, 2004, Barbara Gillooley, Fairhaven Facility's
Sales Processing Manager; John Polumbo, president of Defendant's
Consumer Division; and other leadership teams from Defendant's NJ
offices (hereinafter referred to as "HQ Managers") arrived at the
Fairhaven Facility under the auspices of rolling out a "Strategic
Selling" program.

17.  Plaintiff inquired of an HQ Manager whether the
"Strategic Selling" program was really a disguise to assess which
offices to close or downsize.  The HQ Manager replied "No."

18.  Plaintiff, concerned that the Fairhaven Facility would
downsize or close as a result of the federal court rulings
discussed in Defendant's June 15, 2004, newsletter, repeatedly
inquired of her manger, Mary C. Eustace (hereinafter "Ms.
Eustace"), if the Fairhaven facility was downsizing or closing.
Ms. Eustace consistently replied "No".

19.  Under the Collective Bargaining Agreement ("CBA")
between Defendant and Plaintiff's union, Communication Workers of
America Local 1051 (hereinafter referred to as "CWA"), such a
closing or downsizing of the Fairhaven Facility would entitle
employees to a severance package for accepting early retirement.

20.  Ms. Eustace, knowing Plaintiff to be contemplating
retirement, repeatedly inquired whether Plaintiff had requested
her retirement package throughout June, 2004.

21.  In July, 2004, prior to filling out her retirement
package, Plaintiff went to Mrs. Cappuccio and relayed her

concerns relative to Fairhaven's downsizing or closing as a result of the June, 2004, Supreme Court Decision. Mrs. Cappuccio replied "No, AT&T Fairhaven has sold the office and the new owner has signed a five (5) year lease with AT&T and we will still provide customer service for our present customers."

22. In reliance upon the assurances from the HQ managers, her immediate manager Mrs. Eustace, and Regional Director Mrs. Cappuccio, Plaintiff filled out her retirement package on July 10, 2004. At the time of her retirement, Plaintiff's weekly income totaled Eight Hundred Thirty Seven Dollars ($837.00).

23. On July 16, 2004, Plaintiff had her Thirtieth (30th) Anniversary Luncheon. During the luncheon Plaintiff, still concerned that she would be precluded from the severance package in the event the Fairhaven Facility downsized or closed, inquired of Chris Giblin, PDL Manager, and Sharon Pereira, her former manager, as to the status or fate of the Fairhaven Facility. Chris Giblin responded, "I want to congratulate you on your thirty years of service, I know I'll never see mine."

24. On or about September 2, 2004, Defendant completed the sale of the Fairhaven Facility to Mill Bridge Holdings, LLC.

25. On or about September 14, 2004, Defendant announced that as a result of the March, 2004, U.S. Appeals Court decision, they would stop pursuing new residential customers.

26. As a direct result of the Court rulings, and in accordance with Defendant's earlier representations in the media

and elsewhere, Defendant laid off approximately one-half (1/2) of
the CWA employees at the Fairhaven Facility, providing all such
employees with an early retirement severance package of
approximately One Hundred (100) weeks of pay. See Exhibit C.

## COUNT I - INTENTIONAL MISREPRESENTATION

27. The Plaintiff, Beverly A. George, repeats and realleges
Paragraphs One (1) through Twenty-Six (26) of this Complaint as
if fully set forth herein.

28. The Defendant did, through its agents and employees,
make false statements of material fact, as described hereinabove,
to Plaintiff relative to the fate of the Fairhaven Facility.

29. Defendants false statements of material fact were an
important factor in Plaintiff's decision to accept early
retirement after her thirty (30) years of service in Defendant's
employ.

30. Defendant, through its agents, made false statements of
fact with knowledge of the statements' falsity or recklessly made
the statements by willfully disregarding the statements' truth or
falsity.

31. Defendant, through its agents, made the false
statements with the intention that Plaintiff would rely on them
in making her decision whether to accept early retirement or
remain in Defendant's employ.

32. In making her decision to accept early retirement,
Plaintiff relied on the Defendant's statements as true and her

reliance was reasonable under the circumstances.

33.  As a result of Plaintiff's reliance on Defendant's statements, she has suffered financial harm, including but not limited to, loss of the severance package and lower pension benefit payments.

WHEREFORE, Plaintiff Beverly A. George demands judgment against Defendant AT&T Corp. together with interest and costs of this action.

## COUNT II - NEGLIGENT MISREPRESENTATION

34.  The Plaintiff, Beverly A. George, repeats and realleges the allegations contained in Paragraphs One (1) through Thirty-Three (33) as is fully set forth herein.

35.  As discussed hereinabove, the Defendant, through its agents and employees, did make false statements of material fact to Plaintiff relative to the fate of the Fairhaven Facility.

36.  Defendant's false statements of fact were of such a nature that Plaintiff would reasonably consider them important in making her decision whether to accept early retirement from Defendant's employ.

37.  Defendant, through its agents, negligently failed to determine whether the material statements of fact were true or false.

38.  Defendant, through its agents, failed to use the amount of care that a reasonable person would use under the circumstances to determine the truth or falsity of the

statements.

39.  Defendant and its agents made the false statements of material fact with the intention that Plaintiff would rely on the statements in making her decision.

40.  In making her decision to accept early retirement, Plaintiff did in fact rely on the Defendant and its agents statements as true, such reliance being reasonable under the circumstances.

41.  As a result of Plaintiff's reasonable reliance on Defendant's false statements of material fact, Plaintiff has suffered financial loss, including but not limited to, loss of the severance package and lower pension benefit payments.

WHEREFORE, the Plaintiff Beverly A. George demands judgment against the Defendant AT&T Corp. together with interest and costs of this action.

**THE PLAINTIFF BEVERLY A. GEORGE DEMANDS A TRIAL BY JURY ON ALL COUNTS OF THIS ACTION.**

Respectfully submitted,

**BEVERLY A. GEORGE,**
By her attorneys,

Blake J. Godbout (BBO#196380)
David A. Conti (BBO#661419
**BLAKE J. GODBOUT & ASSOCIATES**
33 Broad Street, 11th Floor
Boston, MA 02109
(617) 523-6677

Dated: April 21, 2005



# Exhibit A

Requested by: bgeorge
Date        : 04/24/03
Time        : 09:08:11

AT&T

Mail Inbox

From        Subject                 Sent Date/Time              Type
ekramer     Message from Joan       04/24/03 08:18am EDT        mail

To All Employees,

The rumors in regards to Fairhaven closing are NOT TRUE!
We are having visitors to the site tomorrow to celebrate our
Winning Spirit event. There will be NO closing announcements.
If you have any information concerning the origin of this
rumor please share with your managers so we can put a
stop to this falsehood.

Joan Cappuccio
Region Director

AT&T Proprietary
Use pursuant to company instructions

Exhibit B



att.com    At Home & On the Go    Small & Medium Business    Enterprise Business

The world's networking company

SEARCH

Home | Suggestions | Help/FAQ | Sitemap

**BENEFITS**

**COMMUNITY INVOLVEMENT**

**GOVERNMENT ORGANIZATIONS**

**NEWS & INFORMATION**

**FINANCIAL & INVESTMENT**

Back to News & Information

# AT&T TODAY

## TUESDAY, JUNE 15, 2004 2 p.m. EDT

**AT&T STOCK WATCH (Mondays close) *** T 15.95; -.40**

**AT&T ANNOUNCES *** AT&T WINS TELECOM ASIA "BEST MANAGED SERVICES CARRIER" 2004 AWARD** AT&T received the Telecom Asia Award of "Best Managed Services Carrier" in the Asia-Pacific region. A distinguished panel of 10 judges, including telecom analysts, telecom user groups, industry experts and Telecom Asia's editorial team, voted for the award winners. The judging criteria for the Telecom Asia Award -- one of the industry's most prestigious regional awards -- were based on three elements: financial performance; innovation and leadership; and corporate governance. The selection of award winners was based in part on an analysis by one of the world's premier telecom research houses, the Yankee Group.

For the complete news release, go to the AT&T Newsroom at http://www.att.com/news/.

[AT&T TODAY publishes excerpts from selected news items to inform employees and retirees about AT&T in the news worldwide. Publication of a news clip is not an endorsement of its viewpoint or accuracy. All news sources are today's date unless otherwise noted.]

**AT&T AND INDUSTRY NEWS *** AT&T CALLVANTAGE SERVICE ROLLS OUT IN FLORIDA** [Southwest Florida Herald-Tribune, online, 6/14.] AT&T is launching voice over Internet protocol [VoIP] phone service for 10 Florida markets. The service allows users to make and receive phone calls over a high-speed Internet connection. It is AT&Ts first overture to the Sarasota area, which has lost out to more populated areas such as Tampa and Miami when alternative carriers decide where to compete for local customers. In light of recent regulatory decisions, VoIP may turn out to be a more cost-effective way for carriers such as AT&T to enter new markets. [Tampa Bay Business Journal, online, 6/14.] AT&T announced [yesterday] the expansion of its [AT&T] CallVantage Service to 10 major Florida markets including Lakeland-Winter Haven, Sarasota-Bradenton and Tampa-St. Petersburg. [AT&T] CallVantage [Service] is a residential voice over Internet protocol [service] that requires a customer to have a high-speed Internet connection to the home.

June 14, 2004

**SUPREME COURT ALLOWS PHONE RULES TO EXPIRE** [Washington

Post, E5.] The U.S. Supreme Court declined yesterday to stop the government from discarding a set of rules that forced regional phone companies to lease their networks to rivals at deep discounts. [AT&T] was one of more than two dozen phone companies that had asked Supreme Court Justice William H. Rehnquist on Thursday to keep the rules on the books while they appeal a lower court's finding that the regulations were improper. AT&T and the other phone companies say they depend on the rules to offer local phone service in regions where they must compete with giants such as Verizon and BellSouth. The Supreme Court's decision is not surprising given the Bush Administration decision to abandon the litigation, said AT&T spokeswoman Claudia Jones in a statement e-mailed to reporters. This confirms that the Administration has set the industry on a path to higher prices, less competition, fewer jobs and depressed investment. AT&T and other competitors say the prospect of rate increases will hinder their ability to market the service to new customers and they hinted they may highlight the issue in states key to deciding the presidential election. Once the current rules expire, the major phone companies still must seek the approval of state regulators before they raise rates. There is no deadline on the states to complete their review of the rate hikes, an FCC [Federal Communications Commission] official said yesterday. In the meantime, AT&T and the other competitors say they will continue to seek a Supreme Court review of the appeals courts ruling. [Print and wire coverage elsewhere.]

**SPECULATION: RULING MAY FORCE AT&T TO STOP OFFERING LOCAL SERVICE IN SOME MARKETS** [The Wall Street Journal, B6.] AT&T [reportedly may] announce soon it will stop offering local service in some states in the wake of a court decision that becomes effective today. The ruling strikes down government competition rules that control wholesale rates charged to AT&T by the regional Bell companies. AT&T [may] stop offering service in these states, a person familiar with the matter said, even though the Bells have sent the FCC letters promising they won't raise wholesale rates until the end of the year. The company has warned in the past that it would stop offering local service in some regions if price increases make its margins too slim. AT&T is also reluctant to rely on promises from the Bells rather than actual government policy.

**RULING LEAVES RATE UNCERTAINTY FOR CONSUMERS AND COMPANIES** [The New York Times, C4.] The decision by the Bush administration last week to side with the regional Bell companies in their legal fight over the access fees they charge others to lease their phone lines has set off alarm bells among consumer groups, long-distance providers and state utility commissions. The groups say that an appeals court decision to remove the cap on these access fees, which goes into effect today, will give the Bells a free hand to raise the prices they charge AT&T, MCI and hundreds of other companies trying to get into the local phone market. It will also push many smaller phone companies out of business, they say, and ultimately lead to higher phone rates for consumers. But most analysts say that if and when they start charging higher fees, the Bells are unlikely to raise rates by more than 30 percent. Anything higher would be viewed as politically unpalatable and probably push long-distance companies to move even faster to use new phone technology, like Internet calling services, that bypass the Bells networks altogether. Long-distance providers contend that total customers aside, their mere presence in the local phone market keeps pressure on the Bells

to maintain service at reasonable prices.

**FCC CANNOT PRE-EMPT STATE EFFORTS IN BROADBAND REGULATION, AT&T SAYS** [TR Daily, online, 6/14.] The Telecommunications Act of 1996 bars the FCC from pre-empting state efforts to stop incumbent telcos from cutting off broadband service to end-users who switch service providers, AT&T has told the Commission. In a letter opposing a BellSouth petition for a declaratory ruling pre-empting state commissions in this area, AT&T said the FCC must meet traditional pre-emption standards, which allow pre-emption only where, and to the extent that, state regulation so conflicts with federal requirements that it negates the exercise of federal powers. BellSouth had asked for a declaratory ruling that state commissions may not regulate broadband Internet access service by requiring the incumbent telco to provide wholesale or retail broadband service. AT&T also reiterated its argument in previous filings that the state broadband requirements at question do not establish unbundling obligations or implicate the Commission's unbundling regulations or determinations.

**SENATE TO TAKE UP VOIP LEGISLATION** [CNET News.com, online, 6/14.] The U.S. Senate [tomorrow] is scheduled to begin hearings on Internet telephone services, in what could be the first step toward banning state governments from regulating the fast-growing technology. Under discussion during the hearing will be a proposal introduced in April that would flatly ban state regulators from monkeying around with voice over Internet protocol services. The bill, called the VoIP Regulatory Freedom Act, says regulatory authority is reserved solely to the federal government. The proposal is aimed at heading off state officials, who are eyeing VoIP companies as potentially lucrative taxing opportunities. The bill protects consumers by ensuring that this new service won't be taxed at the state level, Sen. John Sununu said on the Senate floor when introducing the federal bill in April. Everyone knows the more you tax something, the less you get. If you want to discourage investment, innovation and capital from moving into important new services like this, then raise the taxes and discourage that investment. The Justice Department and FBI are keenly interested in wiretapping VoIP calls. The Sununu bill says that VoIP companies that provide links to the existing telephone network must provide some access to necessary information to law enforcement agencies.

**OTHER STOCKS TO WATCH (Mondays close) \*\*\* AWE** 14.30, -.03; **BellSouth** 25.70, -.31; **Comcast** 28.82, -.79; **IBM** 90.07, -.39; **Qwest** 3.60, -.06; **SBC** 24.55, -.26; **Sprint** 17.60, -.20; **Verizon** 36.01, -.25; **Vodafone** 23.21, -.54; **Dow Jones** 10,334.73, -75.37; **NASDAQ** 1,969.99, -29.88; **S&P 500** 1,125.29, -11.18 *Prices quoted are American Depository Receipts

**QUOTE OF THE DAY To accomplish great things, we must not only act, but also dream; not only plan, but also believe.** Anatole France, author

**OUR COMMON BOND**

# Exhibit C



SouthCoastToday.com

City Final: 50 cents

# The Standard-Times

SERVING THE SOUTH COAST COMMUNITY

TUESDAY, September 14, 2004    New Bedford, Mass.

**SPORTS**
A NEW
RACE

Steve Ball, Todd Wright fight for the merits of NASCAR's new Chase for the Championship. C1

**News:**
**Ivan's fury**
As Ivan punishes Cuba, the Gulf Coast braces for a possible impact. A2

## 140 Fairhaven AT&T workers axed

### Call center employees to lose jobs by Nov. 19

By DAVID J. OTT

**School boss**

The Standard-Times, New Bedford, MA

# FROM PAGE ONE

## Powell, Ridge endorse new spy chief post

By JESSE J. HOLLAND
Associated Press Writer

WASHINGTON — Homeland Security Secretary Tom Ridge and Secretary of State Colin Powell yesterday endorsed the idea of creating a new national intelligence director with budget and hiring authority over the nation's military intelligence agencies, noting that the Sept. 11 panel's final report wants to fix the situation ...

## AT&T: 140 Fairhaven workers axed

## Fonseca: City man killed in boat explosion

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05  00715 | Trial Court of Massachusetts Superior Court Department County: NORFOLK |
|---|---|---|



| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| BEVERLY A. GEORGE | AT&T CORP. |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| David A. Conti - Blake J. Godbout & Associates 33 Broad Street, Boston, MA 02109 Board of Bar Overseers number: | unknown |

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Misrepresentation | ( F ) | ( X ) Yes      ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses ............................................................. $ .............
2.  Total Doctor expenses .............................................................. $ .............
3.  Total chiropractic expenses ........................................................ $ .............
4.  Total physical therapy expenses .................................................... $ .............
5.  Total other expenses (describe) .................................................... $ .............
                                                                    Subtotal $ .............
B.  Documented lost wages and compensation to date ..................................... $ 83,700.00 ....
C.  Documented property damages to date ................................................ $ .............\.
D.  Reasonably anticipated future medical and hospital expenses ......................... $ .............
E.  Reasonably anticipated lost wages .................................................. $ .............
F.  Other documented items of damages (describe)
                                                                      $ .............
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Defendant, through its agents, did intentionally and negligently
   misrepresent material facts to Plaintiff which induced her to accept
   early retirement after thirty years of employment.  Defendant subsequently      $ .............
   closed the Call Center where Plaintiff worked, granting employees severance    **TOTAL** $ 83,700.00 ....

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                **TOTAL $.** ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 4-21-05

A TRUE COPY

Attest:  _____
Deputy Assistant Clerk
5/27/05

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                          SUPERIOR COURT
                                      CIVIL ACTION NO:    05  66715

|                        |   |
|------------------------|---|
| BEVERLY A. GEORGE      | ) |
|                        | ) |
|     Plaintiff,         | ) |
|                        | ) |
| v.                     | ) |
|                        | ) |
| AT&T CORP.             | ) |
|                        | ) |
|     Defendant.         | ) |

### PLAINTIFF'S MOTION FOR SPECIAL PROCESS SERVER
### Pursuant to Mass.R.Civ.P. Rule 4(c)

Now comes the plaintiff in the above-entitled matter and
respectfully requests this Court to appoint Butler & Witten,
Constables, 1895 Centre Street, Suite 202, Boston, MA 02132, as
special process server in this matter.  The plaintiff states that
the Constables of Butler & Witten are disinterested parties and
are over 18 years of age.

April 22, 2005
Motion allowed.
(Bornstein. J.)
AH/heney & Delong
And Clerk

BEVERLY A. GEORGE
By her attorney,

David A. Conti, BBO# 661419
**BLAKE J. GODBOUT & ASSOCIATES**
33 Broad Street, 11th Floor
Boston, MA 02109
(617) 523-6677

Dated:    April 21, 2005

A TRUE COPY
Attest:
Deputy Assistant Clerk
5/27/05

4.○

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.    05   66715

BEVERLY A. GEORGE

..................................................., *Plaintiff(s)*,

5/10/05
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

**v.**

................ AT & T CORP. ................, *Defendant(s)*

## SUMMONS

To the above-named Defendant:   AT & T CORP.

You are hereby summoned and required to serve upon ....David A. Conti, Esq....,
02109
plaintiff's attorney, whose address is ...33 Broad Street, Boston, MA.., an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

BARBARA J. ROUSE, Esquire

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ...........................the ..27th................

day of ........April........., in the year of our Lord two thousand and ...and 5.................

........................................ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

A TRUE COPY
Attest: ..................
Deputy Assistant Clerk
5/27/05

79585

**COMMONWEALTH OF MASSACHUSETTS**
**Norfolk Superior Court**

I hereby certify and return that today, April 29, 2005, I served a true and attested copy of the within Summons together with a copy of the Complaint; Civil Action Cover Sheet; and Allowed Motion to Appoint Special Process Server in this action upon the within named AT&T Corp., by giving in hand to Allison Liberto Agent in Charge. Said service was effected upon: AT&T Corp. , c/o CT Corporation System, Registered Agent, 101 Federal Street, Boston, MA 02110.

Signed under the pains and penalties of perjury today, April 29, 2005.

**Francis Davis,** Constable & Special Process Server

Service & Travel:$45.00

**Butler and Witten**
Boston, MA
(617) 325-6455