UNITED STATED DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x

BEVERLY A. GEORGE,
                Plaintiff,

   v.                                                            Civil Action No. 05 11079 (DPW)

AT&T CORP.,
                Defendant.

---------------------------------------------------------------x

**PLAINTIFF'S INITIAL DISCLOSURE STATEMENT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a) (1)**

The Plaintiff, Beverly A. George (hereinafter "Plaintiff"), by her counsel, hereby provides the following initial disclosure statement pursuant to Fed.R.Civ.P. 26(a) (1) and Local Rule 26.2(A).

Plaintiff expressly reserves all objections, including but not limited to objections based on the: (a) attorney-client privilege; (b) work-product doctrine; or, (c) any other applicable privilege or protection under federal or state law. Plaintiff has not completed her investigation of this case and each of the following responses is made subject to and without waiver of the foregoing objections and Plaintiff expressly reserves the right to change, modify, supplement or clarify the responses herein at any time before trial.

**I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION (Fed.R.Civ.P. 26(a) (1) (A)**

Subject to the above reservations and Plaintiff's right to change, modify, supplement or clarify the response, Plaintiff believes that the following individuals are likely to be in possession of discoverable information that Plaintiff may use to support her claims:

A.  **Plaintiff**

Plaintiff is in possession of information regarding the nature and contents of Complaint, including but not limited to the content of the misrepresentations, the identity of the person(s) who made the misrepresentations and her reliance on such misrepresentations.

B.  **AT&T Officers, Directors and Employees**

Plaintiff believes that the following AT&T officers, directors and employees are likely to be in possession of discoverable information that may be used to support the allegations set forth in the Complaint, including without limitation, the following present or former officers, directors or employees:

1. David Dorman (Chairman and CEO)
2. Dick Morton (EVP, Public Relations)
3. Thomas W. Horton (Senior VP and CFO)
4. Jim Byrnes (AT&T Corp.)
5. John Heath (AT&T Business)
6. Bob Nersesian (AT&T Consumer)
7. Paul Kranhold
8. Jim Cicconi (general counsel)
9. Claudia Jones (spokeswoman)
10. Deb Jones (spokeswoman)
11. Paulette Racine (Manager)
12. Andy Backover (spokesman)

### C.    Other AT&T Officers, Directors and Employees

Plaintiff believes that the following other officers, directors and employees of Defendant AT&T are likely to be in possession of discoverable information relative to the allegations set forth in the Complaint regarding the misrepresentations made to Plaintiff that induced her into retirement, including without limitation, the following present or former officers, directors or employee:

1. Joan Cappuccio (Region Director)
2. Chris Giblin (PDL Manager)
3. John Polumbo (Consumer President and CEO)
4. Shannon Pereira (Manager)
5. Barbara Gillooley (Sales Proc. Mgr.)
6. Mary C. Eustace (Fairhaven Manager)
7. Joan Dyer (retiree)
8. Jim Bourke (team member)

### D.    Third Parties

Plaintiff believes that the following third persons are likely to be in possession of discoverable information relevant to the allegations set forth in the Complaint:

1. Linda Teoli (President, CWA Local 1051)
2. Paul Downey (Principal, Sakonnet Prop., Inc.)
3. Jeffrey W. Osuch (Fairhaven Executive Secretary)

II. **DECRIPTION BY CATEGORY OF DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS THAT ARE IN POSSESSION, CUSTODY OR CONTROL OF THE PARTY (FED.R.CIV.P. 26(a) (1) (B)**

Subject to the attorney-client privilege and the work product doctrine, Plaintiff states as follows: AT&T Today Press Releases before and after the misrepresentations; AT&T internal email communications; AT&T financial statements 2002-2004; news articles concerning the company issued before, during and after the misrepresentations; Fairhaven Flyer articles; documents evidencing AT&T's sale of the Fairhaven facility.

III. **COMPUTATION OF DAMAGES (FED.R.CIV.P. 26(a) (1) (C))**

The Plaintiff has computed her to include one hundred weeks of pay at the rate of $837/week. Plaintiff additionally seeks damages to increase her pension payments for the lost pay time, benefits given to those employees accepting the retirement package for 100 weeks. As the Complaint has only recently been sustained and discovery has not yet commenced, Plaintiff is unable to determine these additional components of her damage total.

IV. **ANY INSURANCE AGREEMENT WHICH MAY BE LIABLE TO SATISFY ALL OR PART OF THE JUDGMENT (FED.R.CIV.P. 26(a) (1) (C))**

The information sought by this portion of the Rule is not applicable to Plaintiff.

DATED: August 17, 2005            Respectfully submitted,

                                                       **BLAKE J. GODBOUT & ASSOCIATES**

                                                       By:   /s/ Blake J. Godbout
                                                            Blake J. Godbout, BBO# 196380
                                                   33 Broad Street, 11th Floor
                                                   Boston, MA 02109
                                                   (617) 523-6677

- 5 -

## **CERTIFICATE OF SERVICE**

    I, Blake J. Godbout, hereby certify that a true copy of the above document was served upon the attorney of record for each party.

/s/ Blake J. Godbout
Blake J. Godbout
