**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF MASSACHUSETTS**

-----------------------------------------------------------------x

BEVERLY A. GEORGE,

                     Plaintiff,

       v.                                    Civil Action No. 05-11079-DPW

AT&T CORP.,

                     Defendant.

----------------------------------------------------------------x

**DEFENDANT AT&T CORP.'S RESPONSE TO**
**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**

**Preliminary Statement**

On June 7, 2006 at oral argument in the instant matter, plaintiff Beverly George

provided her counsel with several documents which plaintiff apparently believed relevant

to the questions being raised by the Court at argument.  After a brief colloquy concerning

the documents, the Court provided plaintiff an opportunity to submit the documents by

way of supplemental filing no later than Friday, June 9, 2006.[1]

However, rather than simply offering these documents and arguing as to their

admissibility, plaintiff has chosen to raise a number of additional issues.  In this response,

defendant will address these additional issues first.  Thereafter, defendant will

demonstrate that the documents which plaintiff belatedly seeks to introduce are

inadmissible, irrelevant, and can not defeat a well-founded summary judgment motion.

---

[1]   Apparently, because of a computer problem,, plaintiff's counsel was unable to e-file the supplemental
pleading on June 9.  Defendant has no objection to the late e-filing of this document because of this
unanticipated problem.

## THIS COURT SHOULD NOT TREAT PLAINTIFF'S
## CLAIM AS A HYBROD §301 ACTION

In footnote 1 of her supplemental pleading, plaintiff suggests that this Court should treat her claim as if brought under Section 301 of the Labor Management Relations Act, citing *Allis-Chalmers v. Lueck,* 471 U.S. 202, 220-221 (1985). While defendant is not clear precisely what plaintiff is thereby suggesting, her effort at amending the complaint is misplaced.

First, the effort is misplaced because it is untimely, coming as it does after submission of the parties' summary judgment papers and oral argument. The Court's invitation to submit a supplemental filing was not an invitation to plaintiff to suggest some alternative theory of recovery. Moreover, plaintiff has not filed a motion to amend the complaint, but simply stated in a footnote that the Court should treat its claim as one brought under the LMRA.

Second, any effort to bring the claim under Section 301 would be futile. Exhaustion of contractual remedies is a prerequisite to a Section 301 action by an employee against the employer for breach of the collective bargaining agreement. *Vaca v. Sipes,* 386 U.S. 171 (1967). Exhaustion will be excused only where the union has breached its duty of fair representation, thereby seriously undermining the integrity of the grievance-arbitration process. *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 61 (1981).

In order to make a showing of the breach of duty of fair representation, plaintiff must show that her union acted with hostility or discrimination towards her, acted arbitrarily, or otherwise failed to exercise its discretion with complete good faith. *Vaca v.*

*Sipes, supra,* at 177.  In the instant matter, plaintiff has failed to establish any facts demonstrating hostility, discrimination or arbitrary conduct towards her.  Rather, the undisputed facts demonstrate that plaintiff's union, the Communication Workers of America, made an honest, good faith assessment that plaintiff had filed her grievance in an untimely fashion.  Certainly, the CWA's decision is not so outside "the wide range of reasonableness as to be irrational." *Air Line Pilots v. O'Neill,* 499 U.S. 65, 67 (1991).

### PLAINTIFF'S EFFORTS AT OFFERING ADDITIONAL EVIDENCE BEYOND THE TWO DOCUMENTS RAISED AT ORAL ARGUMENT SHOULD BE REJECTED

Beyond the two (2) documents initially raised at oral argument, plaintiff seeks to present additional evidence to the Court in several respects.  First, plaintiff presents postal receipts to allegedly establish that she submitted her retirement paperwork on July 22, 2004.  However, those postal receipts do not establish what she was then sending to the defendant's pension center and should not be admitted at this stage to modify or change plaintiff's deposition testimony.  In any event, the date in July when plaintiff submitted her retirement paperwork is irrelevant to the issues in this matter.  Whether that date was July 10, 16 or 22 simply is immaterial.

Second, plaintiff cites to a 2002 decision of the National Labor Relations Board involving the closing of a Toll Free Directory Assistance (TFDA) facility in Arizona in 1997.  As with the closing of the Worcester, Massachusetts Operator Service Center in 1996, plaintiff continues to attempt to argue that the date as to when a decision was made to reduce the work force in Fairhaven in 2004 can somehow be determined by looking at these earlier facility closings.

This argument is misplaced for many reasons.  Again, it is outside the confines of

the Court's supplemental pleading offer.  In addition, and as with Worcester, the Tuscon

facility was closed in this time period, a different employment decision than the reduction

in force in Fairhaven in 2004.[2]  Finally, and notwithstanding the advanced notice that

facility managers may have had in Worcester and Tuscon, it is undisputed that Joan

Gallagher Cappuccio, the Fairhaven facility manager, did not learn of the impending

reduction in force in Fairhaven until Friday, September 10, 2004, three (3) days before

the announcement to employees.  Additionally, Mary Eustace did not learn of the

reduction in force until the announcement of September 13, 2004.  Their specific

testimony can not be refuted by past practice evidence concerning other facilities years

earlier.[3]

### PLAINTIFF'S BELATED EFFORT TO SEEK A STAY AND/OR COMPEL THE PRODUCTION OF DOCUMENTS MUST BE REJECTED

At page 4 of her Supplemental Memorandum, plaintiff seeks an order from this

Court compelling defendant to produce documents it allegedly failed to produce in

response to her September 6, 2005 First Request for Production of Documents.  Plaintiff

further asks the Court to stay its ruling on defendant's summary judgment motion

pending "defendant's compliance with its discovery obligations."  Plaintiff's arguments

must be rejected.

Again, plaintiff's belated effort is well beyond the scope of the Court's Order

permitting a supplemental filing.  Plaintiff is seeking an Order to compel production of

---

[2]  The obligations of the Workers Adjustment Retraining and Notification Act ("WARN") only apply to mass layoffs of at least 33% of the employees at the site or if 500 or more employees are involved.  29 U.S.C. §2101(a)(3).  It appears that the September, 2004 announcement of a reduction of 140 employees fell just below the 33% threshold for triggering a WARN notice.

[3]   Similarly, it can not be refuted by general evidence of possible workforce reductions within the company.

documents without filing a discovery motion and without fulfilling any of the

prerequisites to filing a discovery motion.  Indeed, plaintiff's counsel has never conferred

with counsel for defendant concerning defendant's October 25, 2005 response to

plaintiff's production request.

In that response, defendant stated as follows:

> RESPONSE NO. 2:
>
> Defendant objects to Request No. 2 as being overly broad,
> vague, ambiguous and not describing with sufficient
> particularity the documents subject to production.
> Defendant further objects to Request No. 2 to the extent it
> seeks documents concerning any reduction in force other
> than the one which occurred in the fall of 2003 [sic].
> Without waiving these objections, defendant refers the
> plaintiff to documents 00860 – 00863 previously produced.
> If any other documents responsive to this request are
> located, they will be produced.

In fact, defendant is not aware of the existence of any additional documents

responsive to plaintiff's request.  Contrary to her assertions, there are no corporate

minutes or notes of any sort as the reduction in force decision in Fairhaven was not made

by defendant's Board of Directors.  There are no WARN notification documents as

WARN obligations were not triggered by the September, 2004 reduction in force.

It is unfortunate that rather than consult with defense counsel, plaintiff has chosen

at the eleventh hour to suddenly claim an inability to prosecute her claim based on

defendant's alleged failure to fulfill its discovery obligations.  In this regard, it must be

emphasized that as far back as August 23, 2005, defendant identified individuals with

information concerning the "timing of the decision to reduce the Fairhaven work force."[4]

Defendant listed these individuals in this fashion because it was absolutely clear at the outset of this case that the timing of the decision to reduce the work force in Fairhaven was a critical fact for purposes of the misrepresentation claims. It is clear from her Memorandum that plaintiff is belatedly pressing this issue "in light of the Court's position during oral argument that the documentation in plaintiff's Appendix is insufficient to create an issue of fact as to the date of the decision." (p. 4 of the Supplemental Memorandum).

Plaintiff and her counsel knew or should have known the significance of the timing of the workforce reduction decision. With that knowledge, plaintiff was free to prosecute her claim in the way she and her counsel saw fit, including deposing the witnesses that it chose to depose. Having prosecuted her claim in that fashion, the interests of justice do not require a stay or an Order to defendant to produce documents simply because plaintiff's proof was found lacking at oral argument.

## THE DOCUMENTS PLAINTIFF SEEKS TO INTRODUCE ARE INADMISSIBLE HEARSAY

In addition to documents concerning the date plaintiff submitted her retirement papers addressed previously, plaintiff seeks to introduce three (3) additional documents by way of her supplemental memorandum:

a)    a Boston.Internet.Com Article dated April 17, 2003 (S.A. 84-85);

b)    a Look Smart Article of January 10, 2003 (S.A. 86); and

---

[4]  Listed on Defendant's 26(a)(1) Initial Disclosures as individuals possessing this information were Steve Leonard, Consumer Services Labor Relations Director; Nancy Pryor, Vice-President of Consumer Services; and Barbara Maniscolo, Employee & Labor Relations Vice-President. These three (3) individuals worked for defendant in Morristown and Bedminster, New Jersey. Plaintiff chose not to depose any of these individuals.

c)     a paper dated April 28, 2005 prepared by Stephanie Luce and Kate
Bronfenbrenner (S.A. 87-101).

Both articles and the paper are clearly being offered for the truth of the matters

asserted therein.  As such, they are clearly hearsay and contrary to the plaintiff's

assertions, they do not fit within any exception to the hearsay rule.

In *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990), the Court made

clear that "[H]earsay evidence, inadmissible at trial, cannot be considered on a motion for

summary judgment."  Citations Omitted.  *See also Flynn v. Manino,* 944 F.Supp. 81, 94

fn.1 (pleadings in unrelated cases and newspaper articles inadmissible on issue of

whether Mayor had direct hand in plaintiff's terminations).  Further, plaintiff's promise to

produce (which defendant submits is inaccurate in any event) admissible evidence at trial

is insufficient to defeat defendant's summary judgment motion.  *Garside v. Osco, supra*

at p. 49.

A review of the documents demonstrates the futility of considering them for the

purposes which they are offered.  Apparently, the Boston.Internet.Com article is offered

to show that John Polumbo was defendant's president of the consumer division.  It is not

necessary to admit the article to establish that fact.  Plaintiff was aware of that fact from

the outset of this case and specifically mentioned Polumbo in her deposition testimony.

Moreover, Ms. Cappuccio has never suggested nor has defendant ever argued that

there weren't individuals she could contact to inquire about possible workforce

reductions in Fairhaven.  Rather, the issue is whether Ms. Cappuccio had accurate facts

available to her had she inquired.  *Rodowicz v. Mass. Mutual Life Ins. Co.,* 279 F.3d 36,

42 (1st Cir. 2002)  If the decision to reduce the workforce had not yet been made, or if

decision makers in New Jersey were unwilling to share that information with her, then

even if Ms. Cappuccio had made inquiry, she would have been unable to discover any additional information.

The Look Smart Article is apparently another effort to employ alleged past practice to show that Ms. Cappuccio (and Ms. Eustace) must have known before September 10 and 13, respectively, of the workforce reduction in Fairhaven. Defendant submits that alleged past practice can not be utilized in the manner attempted by plaintiff.

Finally, the paper submitted in April, 2005 to the Future of Work Conference is apparently offered to show that defendant was outsourcing Fairhaven jobs overseas. The authors of the paper claim that the union obtained an Indian consulting firm memo showing how jobs would be moved to India. This is truly hearsay within hearsay which plaintiff is seeking to offer to prove that the defendant made its Fairhaven workforce reduction decision as early as January, 2004. The paper is simply and categorically inadmissible for this purpose.

Further, plaintiff's counsel purports to certify the accuracy of the paper. This is patently inappropriate. Counsel can not certify to the accuracy of the facts contained in the paper. Indeed, the paper <u>inaccurately</u> states that defendant announced in September, 2004 that it was closing the Fairhaven call center. Defendant made <u>no</u> such announcement and did not close the call center in September of 2004.

Clearly, plaintiff's counsel is doing no more than certifying that S.A. 87-101 is an accurate copy of the paper presented at that particular conference. This does not make the paper admissible even if authenticated by its authors at trial. Further, the statements

made by the authors in the article concerning this alleged Indian consulting firm memo

are not admissible as party admissions of defendant.

## CONCLUSION

Based upon the foregoing, and the entire record, defendant respectfully submits

that this Court should reject plaintiff's offer of the exhibits set forth in her Supplemental

Appendix and should grant Defendant's Motion for Summary Judgment.

Dated: June 15, 2005                                 AT&T Corp.,

By its Attorneys,


____/s/ Nathan L. Kaitz_____
Nathan L. Kaitz (BBO#256760)
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109
(617) 523-6666

## Certificate of Service

I hereby certify that a copy this document filed through the ECF system will be
sent electronically to the registered participants as identified on the Notice of Electronic
Filing (NEF), including counsel for plaintiff, Blake J. Godbout & Associates, 33 Broad
Street, 11th Floor, Boston MA  02109 and paper copies will be sent to those indicated as
non-registered participants on 15th day of June, 2006.


_____/s/ Nathan L. Kaitz_____
Nathan L. Kaitz