UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------x
```

BEVERLY A. GEORGE,

                Plaintiff,

v.                                Civil Action No. 05-11079-DPW

AT&T CORP.,

                Defendant.

```
-----------------------------------------------------------x
```

## PLANTIFF'S MOTION FOR RECONSIDERATION OF JUNE 7, 2006 MEMORANDUM AND ORDER OR IN THE ALTERNATIVE TO CLAIRIFY QUESTION FOR INTERLOUCTORY APPEAL

NOW COMES BEVERLY A. GEORGE, by and through pro se Pursuant to Rule 60: RELIEF FROM JUDGEMENT OR ORDER (b), (1), (2), (3,) and (6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, and in support there of will most respectfully show unto the Court the following reasons/claims and attached exhibits of supporting authorities for motion to reconsider: On the 23rd day of June, 2006 this Court entered MEMORANDUM AND ORDER. In support of its motion, plaintiff states these are disputed material issues of facts and refers the Court to new attached evidence of authenticity, not available day of June 12, 2006 before 6:00 pm. Plaintiff will further show that previous evidence was not presented to the Court in an attempt to shade the truth:

    1. Plaintiff's Attorney, Mr. Conti, told plaintiff on Friday, June 9, 2006 at 4:45p.m. "Its in the electronic filing." Mr. Conti's system crashed? See exhibit A.

2. CWA Local 1150 tapes are authentic and Local President, Laura Unger, is the speaker. Info tape no. 212-925 6652. See exhibit B.

   a. Plaintiff points out Friday February 10. "Finally, the union has been notified of the new surplus windows – February 21, June 13 and October 3- three this year. **As before**, these are just the announcement dates..." See Exhibit B2 - paragraph 4. (Even though current practice, it refers to past practice **"As before"** that supports the advance notice of 2004 surplus dates)

   b. AT&T is opposing the admission of these tapes with advance notice of of surplus. See Exhibit B3: Mr. Conti's email to me.

   c. The first two dates commenced this year with variation. Plaintiff Submitted 1150tapes doc in June 12, 2006 supplementary motion on or before 6 PM. At 7:45 PM on June 12, 2006 the company puts a hold on the June 13, 2006 surplus with "no reason given." See Exhibit B4 and Exhibit B5. Plaintiff's new evidence AT&T wanted to shade the truth/validity of the CWA 1150 Tapes.

3. In a May 24th email to Mr. Conti, plaintiff states "without a doubt, you can see When AT&T made its decision." "After the USTA v. FCC decision in March 2004, AT&T made the decision to exit the residential market entirely, Including a decision to discontinue direct marketing of AT&T's Call Vantage VOIP." See Exhibit C, Exhibit C2, and Exhibit C3, page 2, paragraph 5.

4. "Strategic Selling" with HQ managers critical time June 1, 2004 – June 18, 2004. After assurance from at least two HQ managers, not one, Plaintiff requested retirement with Election Period begins June 18, 2004. See Exhibit D, Col.2, and Exhibit E.

5. Publication of Plaintiff's interview was in the Fairhaven Flyer June 1st issue. See Exhibit F, paragraph 1 "...will be leaving for basic military training in Fort Drum, New York on June18th." See Exhibit F.

6. Ms. Eustace, when asked, "When would the June edition come out?" "Probably June, early July. But right around that time. But I remember It was right down to the day we had to get it in." See Exhibit G. (Ms. Eustace's Testimony)

7. Wall Street Journal, July 22, 2004 – AT&T's Earnings Expected to Show Signs of Strain. "...many analysis and investors support a shift away from AT&T's consumer operation. An announcement on the company's plans could come as early as today." See Exhibit H, paragraph 3, 5, and 6. (Note: same day Plaintiff notified AT&T Pension Service Center of driver license mailing. See Exhibit I.)

8. NEWS WIRE FEED – LIGHT READING –UNION SLAMS AT&T JOB CUTS October 19, 2004. WASHINGTON...Paragraph 4, "This continued downsizing, along with AT&T's announcement in July that it will abandon the residential Consumer Market." See Exhibit J. (Note: AT&T Fairhaven Job Title: CUSTOMER REP RESIDENCE and Business Group: CONSUMER MARKETS. See Exhibit K, part 4.

9. The Court states, "Local 1051 President Linda Teoli On July 22 (the year is not specified)..." See Exhibit L, page 2, and page 3. The Document is fully dated.

10. The Court states in footnote 13th, " Plaintiff has presented conflicting testimony as to when she actually learned of the downsizing." Wall Street Journal, Tuesday, August 3, 2004, Bells Mount Two-Way Assault on Local Market talked about AT&T in General, not AT&T Fairhaven as stated in Plaintiffs completed testimony, not an out of context statement. See Exhibit M, Exhibit M, page 2, Exhibit M, page 3 and

Exhibit N: copy of Plaintiff's own made copy that she noted for own use. Plaintiff returned original testimony back to Mr. Conti with his request to review and note the page and line number of any error that's why errata sheets are about 97% steno errors.

11. Court States on page 20, paragraph 2, "It is not clear whether the 60-day time limitation is triggered on the day of the alleged wrongdoing or when Plaintiff first learned of wrongdoing." There was no issue before Sept.'s announcement. Plaintiff wrote many writings to The Union as stated in her testimony. Plaintiff included several copies of the Grievance that stated awareness 10/31/04 in right upper margin of Grievance form. Plaintiff with 30 years of experience with company and with Unions knows how to file a Timely Grievance based on awareness. See Exhibit O.

12. Court states on page 20, paragraph 3, "Plaintiff contends that the grievance Procedure is not available to retirees." This was an innocuous, sarcastic, regurgitation of AT&T Marilee's letter to Plaintiff.

13. With all do respect, once Plaintiff became aware, as stated in her testimony Page 26 - Page 37 (condense form See, again, Exhibit N); as stated in Plaintiff's true Affidavit with heading UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS that was fax to Mr. Conti on March 25, 2006 (See Exhibit P., Page 1-4) as rebuttal to Mr. Conti's first Affidavit draft; and as stated in Plaintiff's November 16, 2004 Grievance aware of offense 10/31/04, Plaintiff filed a timely Grievance and mailed said Grievance on November 22, 2004 to CWA local President, Linda Teoli; to CWA National President, Morton Bahr; and to Attorney Steven Topazio. See Exhibit Q pages 1-3.

14. Based on The Standard of Reasonable Probability, It's not reasonable to believe a

Foxboro, MA Retiree, over 50 miles away, could have know about an AT&T Fairhaven September 13, 2004 office announcement on the day of the announcement, nor is it reasonable to believe that a Foxboro Ma retiree could have read a Fairhaven local paper: The Standard Times on September 14, 2004 day of publication. Per Plaintiff testimony, no one from the office called Plaintiff. It was via Plaintiff's later-date, fact finding that the announcement became known e.g. conversation with Sharon Pereira and shortly thereafter requesting copies of articles from The Standard Times as a one time purchase. See copy of The Standard Times receipt Exhibit R.

15. In earlier emails, Mr. Conti knew about <u>Capital Mobility and Job Loss in Mass And <b>Look</b>Smart</u> Find Articles >Fiber Optics Weekly updates> Jan. 10, 2003>Article **AT&T to take restructuring and asset impairment charges – Business.** After Plaintiff pleaded with Mr. Conti to show supported evidence, he then reads bullets of each article to the court On June 7, 2004. Mr. Conti told the court 1st time he viewed Documents. See Exhibit S, Exhibit T, and Exhibit T page 2.

16. **in a 060805 email,** Mr. Conti had time line of fact finding calls >Mr. KeithDavies And Sharon Pereira and Plaintiff's testimony supports that time line, but Mr. Conti never mentioned this in oral argument when Court ponders when Plaintiff actually learned of downsizing. See Exhibit U, pages 7, 1st paragraph, page 8, last paragraph and page 9, 1st paragraph, respectively.

17. In a June 9, 2006 email, Mr. Conti mentioned their office filed a 301 hybrid in April of 2005 in State Court, but Mr. Conti did not emphasize this at Summary Judgment Hearing in oral argument

18. The Court states, " She claims that the parties agree that Article 25 paragraph 1 Would have entitled plaintiff to 100 weeks of VTP, if she had been employed in September 2004." Actually, "Nathan/AT&T had agreed to answer the admission," on or about February 2, 2006. See Exhibit W.

19. During discovery Sharon Pereira, former manager, and Bruce Clark, an AT&T Employee were discovered but nothing was done beyond a letter to Ms. Pereira who had The most information about the case.  In Defendant's 26(a) (1) initial disclosure, it lists Ms. Pereira as having information and yet, Defendant did not pursue witness, either See Exhibit X and Exhibit Y.

20. In Mr. Conti's January 31, 2005 email, he clearly states that we have all the Supporting documents we need to show the Court that Ms. Eustace's testimony is Impeachable and yet the Court accepts her testimony as truthful.  See Exhibit Z, Paragraph 6. and Exhibit AA e.g. an Employee Notice Eligibility Determination For Beverly George and cc to Mary Eustace.

21. There is no signature on Ms. Eustace's testimony but yet there is a date and the Corrections are not in her handwriting. See Exhibits BB, CC, DD.

22. In Ms. Eustace's testimony, it appears she received 3 pay outs. See Exhibit EE, Page 13: 24, 14: 1-11, 23, 15: 1-4.

23. The Court erred in referring to Ms. Cappuccio as group manager.  In the Industry, Group manager (AKA as TDL) manages 14 – 17 employees, not a facility site.  Ms. Cappuccio held herself out in the office as region director, Fairhaven Site Supervisor, and Fairhaven Center manager with duties of that of a district level or lateral move.  Ms.

Cappuccio "was also in charge of the budget" See Ms. Cappuccio's Condensed testimony Pages 41 – 48. Ms. Eustace also referred to Ms. Cappuccio as "our regional director" See Eustace's testimony Exhibit EE page 11: 4. See Exhibit FF and Exhibit GG supporting Docs of region director. The AT&T Fairhaven Call Center was the only one in the Massachusetts region.

24  In a September 7, 2004 Local 1051 tape, President Linda Teoli states, "AT&T Continues to take back from members, pulling out of Pay for Performance program in the CSSC's. This is a significant loss for our members who meet the requirements. CWA National will be meeting with the company on Sept 13th, and this will be discussed." Joan Cappuccio, as a site facility manger or region director who is responsible for the Budget, would be well informed of the significants of the pay cuts down to L4 pay just 6 days before, not 4, but 6 days before The AT&T Fairhaven 140 job cuts that would mean less pay out in VTP payments. See Exhibit HH.

24. In Defendant's Motion for Summary Judgment Motion there were no affidavits Form Eustace or From Cappuccio but rather Memorandum in support.

25. So not to confuse the issue, Plaintiff will now attached Mr. Conti's First Affidavit Draft and his final Affidavit draft of his version of Plaintiff's affidavit. Plaintiff let Mr. Conti and Attorney Topazio know that Plaintiff took issue with these affidavits and Clearly state not Plaintiff's but rather that of Mr. Conti's. Mr. Conti has a Typo on his Heading: He types United State**d** District Court and this can be found e.g. on his

**AFFIDAVIT OF COUNSEL VERIFYING EXHIBITS.**

Even though Mr. Conti said you could make changes right on his doc, the software at the Walpole Library would not allow any changes that is why I typed my own, fax, and

mailed my Affidavit to Mr. Conti.

26. I received The Court's June 23, 2006 MEMORANDUM AND ORDERS late Monday, June 26, 2006 and the case closed on 06/30/2006 See attached documents in support of statement.

27. The CWA Union has not been Lilly White in this case and was put on Notice With a March 11, 2005 letter. See attached letter.

28. AT&T told Plaintiff, more than once, that Plaintiff would receive >rate band of employment. It would be frozen at rate band 8 mo. payment unless a lower rate band gave a higher mo. payment. AT&T failed to deliver. For an FYI see attached Human Resource…manager Lisa Catoni-Kilduff memo, pension benefit page 12, and Pension Band Monthly Benefit table.

29. CWA communication June 13, 2005 – "AT&T cannot survive on a stand-alone Basis. The company has been in a financial free-fall over the past several years and it demise is certain absent a merger," attachment.

30. Plaintiff takes issue that The Court states the Tort is the deception.

WHEREFORE, THE ABOVE REASONS, this Plaintiff requests the Court to Reconsider its MEMORANDUM AND ORDER in granting AT&T Summary Judgment. Plaintiff respectfully requests the Court to reverse order so Plaintiff can get a fair trial.

This 7 day of August, 2006

Respectfully Submitted,

*Beverly A. George*
By: Beverly A. George

CERTIFICATE OF SERVICE

I <u>Beverly A. George,</u> hereby certify that on August 8, 2006

served copies of <u>MOTION FOR RECONSIDERATION</u>

on the following parties by way of <u>Certified U.S. Mail</u>

(List name and address of each attorney party served)

Morgan, Brown & Joy, LLP
Nathan L. Kaitz, Esquire
200 State Street
Boston, Ma  02109-2605